IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CT-3098-D

| | | |
|---|---|---|
| BRUCE BUNTING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROY A. COOPER, North Carolina | ) | |
| Governor, et al. | ) | |
| | ) | |
| Defendants. | ) | |

On April 10, 2017, Bruce Bunting ("Bunting" or "plaintiff), a state inmate proceeding pro se and in forma pauperis [D.E. 6, 10], filed a complaint [D.E. 1]. On April 17, 2017, Bunting filed a motion for an emergency injunction [D.E. 4]. On April 20, 2017, Bunting filed a corrected complaint [D.E. 5]. He named as defendants Governor Roy A. Cooper, the University of North Carolina ("UNC") Medical Center, and Craven Correctional Institution physician Dr. Engleman. On May 12, 2017, Magistrate Judge Numbers directed the Attorney General of North Carolina to respond to the motion for emergency injunction [D.E. 11]. On May 22, 2017, the Attorney General responded in opposition [D.E. 12].

On May 23, 2017, Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 14], recommending that the court deny Bunting's motion for an emergency injunction and dismiss the corrected complaint. Id. at 6–9. On May 31, 2017, Bunting filed a motion to amend his motion for emergency injunction [D.E.15]. On June 2, 2017, Bunting filed objections to the M&R [D.E. 17].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F. 3d 310, 315 (4th Cir. 2005) (alterations, emphasis, and quotation omitted). See 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and Bunting's objections. As for those portions of the M&R to which Bunting made no objection, the court is satisfied that there is no clear error on the face of the record.

Bunting is 66 years old and has been diagnosed with Stage-4 lung cancer in both lungs. Mot. for Emergency Inj. [D.E. 4]; Resp. to Mot. for Emergency Inj. [D.E. 12] 1. Bunting received treatment over the course of several months through the UNC Medical Center. Smith Aff. [D.E. 13] ¶ 5. Despite the treatment, Bunting's cancer has advanced and his prognosis is poor. Id. ¶ 6. He alleges that the prison medical providers, "in a conspiracy," failed to provide him a double lung transplant. See Initial Compl. [D.E. 1] 1. He asks the court to require the defendants to place him at the top of the lung organ donor list, locate two matching lungs, and perform a two-lung transplant surgery immediately. See Corrected Compl. [D.E. 5] ¶ VII; see also Mot. for Emergency Inj. [D.E. 4].

The North Carolina Department of Public Safety ("NCDPS") approved all of the appointments and treatment that the Medical Center recommended until March 2017 when Bunting refused to continue treatment. Id. ¶ 5. At that time, Bunting decided to forego palliative chemotherapy treatment and has refused a follow-up appointment with an oncologist. Id. ¶ 6.

2

NCDPS continues to provide medical care to Bunting and assist him with pain management. Id. ¶ 9. Bunting can request that he be seen by the prison medical staff and has done so as recently as May 17, 2017. Id. At that appointment, Bunting did not request any change in treatment or seek an appointment with an oncologist. Id.

Judge Numbers found that

> Bunting's cancer was diagnosed in February 2016. See Mot. for Emergency Inj. at 2, D.E. 4. Bunting acknowledges that Dr. Engleman has provided him medical treatment for his terminal illness. Id. However, Dr. Engleman has told him that further treatment will not benefit him. Id.; see also Compl. ¶ V. Thus, Bunting has not alleged that Dr. Engleman ignored or disregarded his medical needs, or failed to treat him for his cancer. Bunting also has not alleged that any medical professional has recommended a double lung transplant, or that a double lung transplant is medically indicated for Bunting. At most, Bunting has shown that he disagrees with Dr. Engleman's diagnosis and opinion as to the course of medical treatment for his cancer. A disagreement between an inmate and a physician over a particular course of treatment will not support a claim for deliberate indifference. United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011) ("[W]e have specifically held that a mere difference of opinion regarding the adequate course of treatment does not give rise to an Eighth Amendment violation.").

M&R [D.E. 14] at 7–8.

In order to establish his Eighth Amendment deliberate-indifference claim, Bunting must make both an objective showing that he has a "serious medical need" and a subjective showing that defendants acted with "deliberate indifference" to Bunting's serious medical need. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008); see Estelle v. Gamble, 429 U.S. 97, 104 (1976). Although Bunting has shown he has a serious medical need, he failed to show that defendant acted with "deliberate indifference" to his serious medical need. See M&R at 7–8.

Bunting objects to this conclusion and argues that defendants "did not inform [him] of the possibility he could live many more years, if he received [a lung transplant]," and instead told him "nothing else could be done to help him." Obj. [D.E. 17] 1–2. Bunting alleges that defendants "gave

3

[him] [a] false impression that all he could do at this point is to wait on death." Id. at 1. In support of his claim, Bunting cites Inmates of the Allegheny County Jail v. Pierce, 612 F.2d 754, 763 (3d Cir. 1979).

Inmates of the Allegheny County Jail does not support Bunting's claim. In that case, the court held that where the defendants refused to have medical professionals diagnose and treat inmates for mental illness, the defendants violated Estelle. See id. Unlike Inmates of the Allegheny County Jail, Bunting has received continuous medical treatment from qualified medical professionals.

Finally, Bunting cites Vaughn v. Gray, 557 F.3d 904, 909–10 (8th Cir. 2009), and seeks to amend his motion for emergency injunction. See [D.E. 15] at 2. In Vaughn, the court held an inmate plausibly alleged deliberate indifference where prison staff were aware that the inmate vomited for over eight hours, while requesting medical attention, but prison staff did nothing to address the inmate's condition and the inmate died. See Vaughn, 557 F.3d at 907–09. Vaughn is factually distinguishable, and Bunting's motion to amend is denied.

In sum, the court OVERRULES plaintiff's objections [D.E. 17], ADOPTS the findings and conclusions in the M&R [D.E. 14], DISMISSES the complaint and corrected complaint [D.E. 1, 5], DISMISSES the motion for an emergency injunction [D.E. 4], and DENIES the motion to amend [D.E. 15]. The clerk shall close the case.

SO ORDERED. This 21 day of June 2017.

JAMES C. DEVER III
Chief United States District Judge

4